No. 25-____

# United States Court of Appeals for the Ninth Circuit

ERICA FRASCO, SARAH WELLMAN, JUSTINE PIETRZYK, JENNIFER CHEN, TESHA GAMINO, LEAH RIDGWAY, AUTUMN MEIGS, and MADELINE KISS, individually and on behalf of all others similarly situated,

*Plaintiffs-Respondents*,

-versus-

FLO HEALTH, INC.,

*Defendant-Petitioner,*

GOOGLE, LLC, FACEBOOK, INC., APPSFLYER, INC. and FLURRY, INC.,

*Defendants*.

On Petition for Permission to Appeal from the United States District Court for the Northern District of California (Donato, J.), Case No. 3:21-cv-00757-JD

## PETITION OF DEFENDANT FLO HEALTH, INC. FOR PERMISSION TO APPEAL PURSUANT TO FED. R. CIV. P. 23(f)

Brenda R. Sharton (Admission Forthcoming)
DECHERT LLP
100 Oliver Street
Boston, MA 02110
Telephone: (617) 728-7100

Benjamin M. Sadun (Admission Forthcoming)
Allison K. Ozurovich
DECHERT LLP
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700

Theodore E. Yale (Admission Forthcoming)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000

*Counsel for Defendant-Petitioner Flo Health, Inc.*

## CORPORATE DISCLOSURE STATEMENT

Defendant-Petitioner Flo Health, Inc. ("Flo") hereby declares that it does not have a parent corporation and that no publicly held corporation owns ten percent or more of Flo's stock.

*/s/ Allison K. Ozurovich*
Allison K. Ozurovich

*Counsel for Defendant-Petitioner Flo Health, Inc.*

# TABLE OF CONTENTS


Page

CORPORATE DISCLOSURE STATEMENT ..... i

TABLE OF CONTENTS ..... ii

TABLE OF AUTHORITIES ..... iv

PRELIMINARY STATEMENT ..... 1

JURISDICTIONAL STATEMENT ..... 4

QUESTIONS PRESENTED ..... 4

FACTUAL AND PROCEDURAL BACKGROUND ..... 5

A. The Flo Terms of Service and Class Waiver ..... 6

B. Plaintiffs' Allegations ..... 7

C. Briefing on Class Waiver Issue and Motion for Class Certification ..... 8

D. The Class Certification Order ..... 9

STANDARD OF REVIEW ..... 10

REASONS FOR GRANTING THE PETITION ..... 11

I. THE DISTRICT COURT COMMITTED MANIFEST ERROR BY NULLIFYING *DISCOVER BANK*. ..... 12

II. THE CLASS WAIVER IS NOT UNCONSCIONABLE UNDER ANY STANDARD. ..... 17

A. The district court misapplied procedural unconscionability ..... 18

B. The class waiver is not substantively unconscionable. ..... 22

III. THE DISTRICT COURT MANIFESTLY ERRED BY ADVANCING A THEORY OF UNCONSCIONABILITY PLAINTIFFS FORFEITED AND TO WHICH FLO HAD NO OPPORTUNITY TO RESPOND. .... 25

IV. THE RULING BELOW TAKES A NOVEL APPROACH TO A FUNDAMENTAL ISSUE OF CLASS ACTION LAW LIKELY TO EVADE END-OF-CASE REVIEW .... 27

A. The ruling creates a split of authority on an important unsettled question. .... 27

B. Failure to grant this Petition would likely be the "death-knell" of the litigation. .... 28

CONCLUSION .... 29

CERTIFICATE OF COMPLIANCE .... 31

CERTIFICATE OF SERVICE .... 32

ADDENDUM .... 37

# TABLE OF AUTHORITIES

Page(s)

CASES

*In re Apple & AT&TM Antitrust Litig.*,
596 F. Supp. 2d 1288 (N.D. Cal. 2008) .......... 13

*Arguelles-Romero v. Superior Ct.*,
184 Cal. App. 4th 825 (2010) .......... 15, 16

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) .......... 2

*Avelar v. Seven Fifty-Four, Inc.*,
2015 WL 326719 (Cal. Ct. App. 2015) .......... 23

*Bielski v. Coinbase, Inc.*,
87 F.4th 1003 (9th Cir. 2023) .......... *passim*

*Chamberlan v. Ford Motor Co.*,
402 F.3d 952 (9th Cir. 2005) .......... 11, 28

*Charter Adjustments Corp. v. Tung*,
2015 WL 3796439 (Cal. Ct. App. 2015) .......... 21

*Cleveland Bd. of Educ. v. Loudermill*,
470 U.S. 532 (1985) .......... 26

*Cohen v. DIRECTV, Inc.*,
142 Cal. App. 4th 1442 (2006) .......... 15, 16, 26

*Darnaa, LLC v. Google LLC*,
756 F. App'x 674 (9th Cir. 2018) .......... 18

*Dean Witter Reynolds, Inc. v. Superior Ct.*,
211 Cal. App. 3d 758 (1989) .......... 21

*Discover Bank v. Superior Court*,
36 Cal. 4th 148 (2005) .......... *passim*

*Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*,
232 Cal. App. 4th 1332 (2015) .......... 19

*Indep. Ass'n of Mailbox Center Owners, Inc. v. Superior Ct.*,
133 Cal. App. 4th 396 (2005) .......... 16, 26

*Ingle v. Circuit City Stores, Inc.*,
328 F.3d 1165 (9th Cir. 2003) .......... 23, 26

*Jeong v. Nexo Cap. Inc.*,
2023 WL 2717255 (N.D. Cal. Mar. 29, 2023) .......... 2, 15, 27

*In re Long Island Props.*,
125 F.2d 206 (2d Cir. 1942) .......... 26

*Lozano v. AT&T Wireless Servs.*,
504 F.3d 718 (9th Cir. 2007) .......... 11

*In re Marriott Int'l*,
78 F.4th 677 (4th Cir. 2023) .......... 10

*Math Magicians v. Cap. For Merchants LLC*,
2013 WL 6192559 (Cal. Ct. App. 2013) .......... 15

*McIntosh v. Royal Caribbean Cruises, Ltd.*,
5 F.4th 1309 (11th Cir. 2021) .......... 26, 27

*Morris v. Redwood Empire Bancorp*,
128 Cal. App. 4th 1305 (2005) .......... 20

*Newton v. Merrill Lynch*,
259 F.3d 154 (3d Cir. 2001) .......... 12

*Omstead v. Dell, Inc.*,
594 F.3d 1081 (9th Cir. 2010) .......... 14, 15

*OTO, L.L.C. v. Kho*,
447 P.3d 680 (Cal. 2019) .......... 19, 20

*Poublon v. C.H. Robinson Co.*,
846 F.3d 1251 (9th Cir. 2017) .......... 19

*Provencher v. Dell, Inc.*,
409 F. Supp. 2d 1196 (C.D. Cal. 2006) .................................. 15, 16, 27

*Registration Control Sys. v. Compusystems, Inc.*,
922 F.2d 805 (Fed. Cir. 1990) .......................................................... 25

*Rodriguez v. Sim*,
2009 WL 975457 (N.D. Cal. 2009) ..................................................... 23

*Sanchez v. Valencia Holding Co.*,
353 P.3d 741 (Cal. 2015) ................................................ 12, 13, 22, 24

*Shroyer v. New Cingular Wireless Servs., Inc.*,
498 F.3d 976 (9th Cir. 2007) ...................................................... *passim*

*Szetela v. Discover Bank*,
97 Cal. App. 4th 1094 (2002) ............................................... 16, 17, 23

*Ting v. AT&T*,
319 F.3d 1126 (9th Cir. 2003) ........................................................... 11

*Todd R. v. Premera Blue Cross*,
825 F. App'x 440 (9th Cir. 2020) ....................................................... 26

*Tompkins v. 23andMe, Inc.*,
840 F.3d 1016 (9th Cir. 2016) ........................................................... 24

*United States v. Sineneng-Smith*,
590 U.S. 371 (2020) ................................................................... 12, 25

*Walnut Producers of Cal. v. Diamond Foods, Inc.*,
187 Cal. App. 4th 634 (2010) ........................................ 15, 16, 17, 24

*Wayne v. Staples, Inc.*,
135 Cal. App. 4th 466 (2006) ............................................................ 18

*West v. Henderson*,
227 Cal. App. 3d 1578 (1991) ............................................................ 20

STATUTES

28 U.S.C. § 1292 ........................................................................................ 4

28 U.S.C. § 1332 .......... 4

Cal. Penal Code § 637.2(a)(1) .......... 8

RULES

Fed. R. Civ. P. 7 .......... 3, 25, 26

Fed. R. Civ. P. 23 .......... 4, 11, 28

## PRELIMINARY STATEMENT

This Petition seeks review of manifest errors that have led to one of the largest certified class actions in history and are likely to evade end-of-case review. Plaintiffs allege that the certified class contains up to 38 million people and each of them is entitled to hundreds of thousands of dollars in statutory damages, despite a complete lack of economic, emotional, or physical injury. Indeed, if Plaintiffs are taken at their word, they seek *quadrillions* of dollars in damages—a sum so large it may as well be infinite.

Flo Health, Inc. ("Flo") is a technology startup that provides reproductive and fertility information to millions of women worldwide through the Flo App (the "App"). This case concerns Flo's use of standard analytics tools called software development kits ("SDKs") developed by Meta, Google, and Flurry—a practice as unremarkable as it is widespread. Flo disclosed its use of SDKs in its Privacy Policy and Terms of Service ("TOS"), which, it is undisputed, all users affirmatively consented to before using the App. Nevertheless, Plaintiffs assert various statutory and common-law privacy claims based on Flo's use of SDKs.

This case is foreclosed from proceeding as a class action against Flo because the parties mutually agreed to an unambiguous class action waiver. In refusing to enforce that waiver, the court committed three manifest errors that cry out for interlocutory review.

***First***, the court refused to apply the three-part test for determining whether consumer class waivers are unconscionable established by the California Supreme Court in *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 162-63 (2005), a test that has been consistently applied by California courts—including this one—for two decades.[1]

***Second***, the standardless and unprecedented *ad hoc* analysis the court used instead grossly misapplied California contract law. In effect, the district court held that *all* consumer class waivers are unconscionable, a holding that flies in the face of controlling precedent.

***Third***, these errors are particularly troubling because the court's entire holding was based on arguments Plaintiffs never made. In four years of litigation and *four rounds of briefing* on these issues, Plaintiffs

[1] In *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011), the Supreme Court overruled *Discover Bank* in arbitration cases. But "the rule remains in force when a class waiver is not coupled with an arbitration provision." *Jeong v. Nexo Cap. Inc.*, 2023 WL 2717255, at *4 & n.1 (N.D. Cal. Mar. 29, 2023).

have consistently conceded the *Discover Bank* test is dispositive. By making novel arguments on Plaintiffs' behalf, the court transformed itself from an arbiter into an advocate, violating Rule 7 and Due Process.[2]

These manifest errors compound numerous others that have allowed Plaintiffs' meritless claims to get this far in the first place. For example, although Plaintiffs filed suit at least a year after the limitations period ended, the court permitted Plaintiffs to claim—paradoxically—that they did not discover their injuries until six months *after* they sued. *Compare* ECF 1 (complaint filed January 29, 2021), *with* ECF 158 at 2 (accepting argument Plaintiffs "became aware of their claims" in "July 2021").[3] Faced with unambiguous contract language demonstrating Plaintiffs consented to Flo's use of SDKs, ECF 93 at 8-10, the district court simply ignored it. *See* ECF 158. Most recently, the court refused to dismiss Plaintiffs' California Confidentiality of Medical Information Act ("CMIA") claims even though a legislative amendment conclusively demonstrates the CMIA did not apply to Flo during the class period. *See* ECF 536 at 18-21, 608 at 3-4. Indeed, the Order applied the *wrong*

---

[2] Except as otherwise noted, "Rules" refer to the Federal Rules of Civil Procedure.

[3] "ECF" refers to the district court docket.

*version of the statute*. ECF 605 ("Order") at 28 (applying statutory language that went into effect on January 1, 2024 to challenged conduct between November 1, 2016 and February 28, 2019).

In sum, immediate review is urgently needed to correct the certification of an enormous class seeking staggering damages based on a clear misapplication of California law. Rule 23(f) was designed for cases like this. This Court should not let these clear errors fester; it should intervene now to avoid an enormous waste of time and resources in a case barred from proceeding as a class action as a matter of law.

## JURISDICTIONAL STATEMENT

The district court has subject-matter jurisdiction under 28 U.S.C. § 1332(d). This Court has jurisdiction under 28 U.S.C. § 1292(e) and Rule 23(f). The district court granted class certification on May 19, 2025.

## QUESTIONS PRESENTED

1. Whether the district court erred by abrogating California's three-factor test for the enforceability of class waiver agreements?

2. Whether the district court erred by certifying a class despite the presence of a binding class waiver agreement?

3. Whether the district court erred by *sua sponte* adopting a theory of unconscionability never raised by Plaintiffs and to which Flo had no opportunity to respond?

## FACTUAL AND PROCEDURAL BACKGROUND

Flo is the creator of the world's leading mobile application for women's health. *See* Compl. (ECF 64) ¶¶ 1, 3-4. The App, launched in 2016, allows users to track and better understand all phases of the reproductive cycle. It is available globally, including in many communities where women's health information is not otherwise available. Flo has also gifted more than 22 million premium subscriptions to women in need around the world.[4] As early as 2017, Flo was selected by the U.N. to spread awareness about women's health issues.[5] Unlike the other Defendants in this case, Flo is a start-up that has yet to turn a profit. It had only 10 employees at the start of the class period and fewer than 100 by the end.

From 2016 to February 2019, Flo used SDKs to maintain and improve the App. ECF 527-3 at 490, 499-503. These SDKs transmitted

---

[4] https://flo.health/pass-it-on-project.
[5] https://eeca.unfpa.org/en/news/%E2%80%98gynaecologist-my-fingertips%E2%80%99-millions-smartphone-users.

data points called Custom App Events ("CAEs") that indicate which features devices access. *See* ECF 605 at 3. The CAEs were de-identified. As the FTC found, Flo "did not share … name[s], address[es], or birthday[s] with anyone at any time." ECF 536-5 at 15. Rather, Plaintiffs claim CAEs were linked to "device identifiers"—alphanumeric strings corresponding to the device on which the App was used (such as a computer or smartphone). ECF 527-3 at 510-13. That the SDKs collected device identifiers was *expressly* disclosed in every version of Flo's Privacy Policy, which Plaintiffs agree users affirmatively consented to. *See* ECF 536-21-536-30, 536 at 4-7; Compl. ¶¶ 168, 289.

### A. The Flo Terms of Service and Class Waiver

There is no question that the TOS is a binding contract. Upon first downloading the App, users must affirmatively accept the TOS before they can enter any information. *See* Compl. ¶ 168. And Plaintiffs admit they "entered into a contract with Flo Health … [and] both parties agree[d] to abide by Flo Health's Terms of Use." *Id.* ¶ 289.

Every version of the TOS contained the same clear, unambiguous class waiver providing that:

> All claims between the parties related to this Agreement will be litigated individually and the parties will not consolidate or seek class treatment for any claim, unless previously agreed to in writing by the parties.

Ex. B at 5 *see also* ECF 536-33-536-44.

### B. Plaintiffs' Allegations

Plaintiffs are eight users of the Flo App. In early 2021, they filed putative class actions against Flo and four other defendants asserting privacy claims, including under the CMIA and California Invasion of Privacy Act ("CIPA"). Compl. ¶¶ 336-38, 407-413. In particular, Plaintiffs claim 12 specific CAEs revealed users' sensitive "health information." ECF 479-2 at 3-4.

Plaintiffs do not allege any economic, physical, or emotional injury. Indeed, they have repeatedly disclaimed actual damages. *Id.* at 21-23; ECF 496-3 at 13-14. Instead, they seek damages solely for violations of their "legal right[s]." *See* ECF 605 at 30 n.14.

According to Plaintiffs, they are entitled to statutory damages of "$1,000 per violation" under the CMIA and "$5,000 per violation" under

CIPA. ECF 479-2 at 21-22.[6] Plaintiffs refuse to say how many total violations occurred, but they claim just *two* of the twelve challenged CAEs were transmitted to Google alone "more than 20.3 billion times" and "more than 513 billion times," respectively. *Id.* at 5. Multiplying just those figures by a combined $6,000 per violation yields an astronomical 3.2 *quadrillion* dollars in supposed damages. Even if the 12 CAEs were transmitted only once per person to two recipients, that would still be $144,000 per person and over $5 trillion in total. As if that were not enough, Plaintiffs also seek nominal, punitive, and disgorgement damages. *Id.* at 22-24.

### C. Briefing on Class Waiver Issue and Motion for Class Certification

Plaintiffs and Flo have briefed the enforceability of the class waiver provision four times: (1) on Plaintiffs' Motion for Consolidation; (2) on Plaintiffs' first Motion for Class Certification; (3) on Plaintiffs' second Motion for Class Certification; and (4) on Flo's motion for summary judgment. ***Critically, in all four rounds of briefing, the parties <u>agreed</u> the three-factor Discover Bank test was dispositive.*** *See* ECF Nos. 38 at 10-

[6] Flo disagrees CMIA damages are "per violation." CIPA damages are "per violation." Cal. Pen. Code § 637.2(a)(1).

15, 43 at 13-15, 354-3 at 25, 363-3 at 14-15, 490-2 at 24-25, 496-3 at 15, 536 at 15-18, 560-3 at 19-20.[7]

In their second Motion for Class Certification, Plaintiffs sought to represent a nationwide class of "All Flo App users who entered menstruation and/or pregnancy information into the Flo Health App between November 1, 2016 and February 28, 2019, inclusive." ECF 479-2. Plaintiffs claim this class contains "approximately 38 million… users." ECF 589 at 11. The actual number is a fraction of that, but unquestionably in the millions.

### D. The Class Certification Order

On May 19, 2025, the district court granted Plaintiffs' Motion. The Order is riddled with errors—all of them in Plaintiffs' favor. Among others:

- The court relied on the opinions of a Plaintiffs' expert the court had already found unreliable and inadmissible. *Compare* Order at 9 (quoting ECF 478-86, David Hoffman report), *with* ECF 597 (excluding Hoffman).

[7] Both sides addressed the issue more thoroughly on Flo's Motion for Summary Judgment because the court denied Flo's request to submit a 5-page supplemental class certification brief on Flo-specific issues. ECF 315. For the Court's convenience, the Summary Judgment briefs are attached as Exhibits C-E hereto.

- It applied the current, more expansive, version of the CMIA, rather than the version in effect during the class period. Order at 28; *see also* ECF 536 at 19-21 (explaining amendments to the CMIA).

- It brushed aside unrebutted evidence demonstrating much of the data users enter is inaccurate or fake, including industry surveys and testimony of Plaintiffs' own expert. Order at 26.

- And it shifted the burden to Defendants to prove variations in how class members used the App defeated predominance rather than on Plaintiffs to prove they did not. *Id.* at 24-27.

Most significantly, however, the district court refused to find the class waiver enforceable even though Plaintiffs could not satisfy two of the three *Discover Bank* elements. As the court noted, the damages at issue were not small. *Id.* at 17. The court also found no evidence of a "scheme" by Flo to cheat users out of money. Instead, the court applied an *ad hoc* analysis to conclude the class waiver was unconscionable. *Id.* at 17-18.

## STANDARD OF REVIEW

This Court has "unfettered discretion" to allow an appeal from an order granting class certification and may do so based on "any consideration that [it] finds persuasive." Fed. R. Civ. P. 23(f), Adv. Comm. Note to 1998 Amend.

Federal courts "resolve the import of class waivers at the certification stage." *E.g.*, *In re Marriott Int'l*, 78 F.4th 677, 686 (4th Cir.

2023). A district court's refusal to enforce a class waiver agreement warrants Rule 23(f) review. *See Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 730 (9th Cir. 2007). The district court's finding of unconscionability is reviewed *de novo*. *Ting v. AT&T*, 319 F.3d 1126, 1135 (9th Cir. 2003).

## REASONS FOR GRANTING THE PETITION

Under Rule 23(f), an appeal is warranted where class certification is "manifestly erroneous," a questionable class certification order may "force a defendant to settle rather than incur the costs" of litigation or liability exposure, or where the appeal may "facilitate the development of the law" on a "novel or unsettled" question. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 957-58 (9th Cir. 2005).

While any one of these is sufficient, here all three are present in spades. The district court committed manifest error by circumventing the California Supreme Court's three-factor *Discover Bank* test. Moreover, even if that departure were warranted, the court's *ad hoc* finding of unconscionability was also clear error. Indeed, under the court's reasoning, ***all*** consumer class waivers would be unconscionable—effectively abrogating two decades of California law. And these errors are

especially prejudicial because the court reached them by inventing arguments Plaintiffs never made and to which Flo had no opportunity to respond. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020).

The ruling also concerns an important question this Court raised in dicta 18 years ago but no court has ever addressed: when, if ever, a class waiver can be unconscionable without satisfying the *Discover Bank* test. *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 983 (9th Cir. 2007). It likewise creates a split with other district courts on whether *Discover Bank* is dispositive.

Finally, given the mind-boggling damages at issue, the "hydraulic pressure" to settle despite the questionable ruling is immense. *Newton v. Merrill Lynch*, 259 F.3d 154, 164 (3d Cir. 2001). This is especially so given that trial is a month away. If the Court does not weigh in on these issues now, it may never get the chance.

## I. THE DISTRICT COURT COMMITTED MANIFEST ERROR BY NULLIFYING *DISCOVER BANK*.

The standard for evaluating the unconscionability of class waivers in California is crystal clear. "[T]he party asserting [unconscionability] bears the burden of proof." *Sanchez v. Valencia Holding Co., LLC*, 353

P.3d 741, 748-49 (Cal. 2015). To do so, it must prove "both procedural and substantive unconscionability." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1013 (9th Cir. 2023). "Courts analyze unconscionability on a sliding scale: the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required and vice versa." *Id.* (cleaned up).

In California, "not … all class action waivers are necessarily unconscionable." *Discover Bank*, 113 P.3d at 1110. Instead, *Discover Bank* established a "three-part inquiry in order to determine whether a class action waiver in a consumer contract is unconscionable." *Shroyer*, 498 F.3d at 983.[8] Under this test, Plaintiffs must prove:

1. the agreement is "a consumer contract of adhesion drafted by a party that has superior bargaining power";
2. "the agreement occurs in a setting in which disputes between the contracting parties predictably involve small amounts of damages"; and
3. "the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money."

*Id.* The first goes to procedural unconscionability; the second and third go to substantive unconscionability. *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1298 (N.D. Cal. 2008).

[8] Except otherwise noted, all internal citations in quotations are omitted and all emphasis is supplied.

Here, the district court concluded (correctly) that Plaintiffs could not satisfy that standard, because "the claims do not involve small sums of money" since "plaintiffs seek thousands of dollars in statutory damages." *See* Order at 16-17. The court failed to address the third element, but that too is absent. There is no evidence Flo's use of the SDKs was part of any "scheme" at all, let alone to take money from users. The App is free, and no Plaintiff paid Flo a dime. Flo only introduced a paid premium option near the end of the Class Period in October 2018, which fewer than 1% of users opt for. *See* ECF 535-38 at 49.

The inquiry should have ended there, but it did not. Instead, the court held that despite the plain language of *Discover Bank*, Plaintiffs could avoid the class waiver under an *ad hoc* unconscionability analysis. Order at 17-18.

In doing so, ***the district court parted ways with every court to confront this issue***. Flo is not aware of a *single* California state or federal court since *Discover Bank* to invalidate a consumer class waiver absent those three factors. To the contrary, two decades of precedent point unanimously to a simple rule: class waivers that fail the test are unconscionable; those that pass are upheld. *E.g.*, *Omstead v. Dell, Inc.*,

594 F.3d 1081, 1086 (9th Cir. 2010); *Shroyer*, 498 F.3d at 983; *Math Magicians v. Cap. For Merchants LLC*, 2013 WL 6192559, at *9 (Cal. Ct. App. 2013); *Walnut Producers of Cal. v. Diamond Foods, Inc.*, 187 Cal. App. 4th 634, 649 (2010); *Arguelles-Romero v. Superior Ct.*, 184 Cal. App. 4th 825, 844-45 (2010); *Jeong v. Nexo Cap. Inc.*, 2023 WL 2717255, at *4 (N.D. Cal. 2023); *Provencher v. Dell, Inc.*, 409 F. Supp. 2d 1196, 1201-02 (C.D. Cal. 2006).

The court based its departure from precedent on dicta in two cases that there are "circumstances" where a class waiver can be unconscionable "despite the fact that all three parts of the *Discover Bank* test are not satisfied." Order at 17 (quoting *Shroyer*, 498 F.3d at 983, and *Cohen v. DIRECTV, Inc.*, 142 Cal. App. 4th 1442 (2006)). These statements are dicta because the agreements in *Cohen* and *Shroyer* both had all three hallmarks of unconscionability required by *Discover Bank*. *Cohen*, 142 Cal. App. 4th at 1451; *Shroyer*, 498 F.3d at 983. These dicta have never been relied on by any court. Regardless, the district court's analysis stretches them beyond their breaking point for three reasons.

***First***, the court offered no reason why *Discover Bank* is insufficient to resolve this case. The facts are no different from cases like *Jeong*,

*Provencher*, and *Arguelles-Romero* where courts upheld identical waivers. It cannot be the law that a court can simply dispense with *Discover Bank* whenever it wants. If that were the rule, why have a test at all?

***Second***, the dicta in *Cohen* and *Shroyer* are based on *Independent Association of Mailbox Center Owners, Inc. v. Superior Court*, 133 Cal. App. 4th 396 (2005) (cited in Order at 17), where the court found a class waiver in a franchise agreement unconscionable without considering the *Discover Bank* factors. Later courts, however, rejected *Mailbox Center* precisely because "the court did not examine whether the waiver … was substantively unconscionable." *Walnut Producers*, 187 Cal. App. 4th at 650. In any event, *Mailbox Center* is distinguishable because the court relied on the fact that "franchise agreements … resemble employment agreements" which implicate "franchisees' livelihoods" and, therefore, warrant extra scrutiny. 133 Cal. App. 4th at 410. Plaintiffs' have no similar fundamental interest in using a free app.

***Third***, the court's approach ignores the policy rationale of *Discover Bank* and *Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1101 (2002) (cited in Order at 18). Both involved deceptive $29 fees and reasoned that

where the defendant deliberately overcharges customers and the damages are so small that "the class action is often the only effective way" to redress them, a class waiver can be tantamount to an impermissible exculpatory clause. *Discover Bank*, 113 P.3d at 1108-09. But that is not so where the damages are large and there is no scheme to defraud. *See id.* at 1108 ("Class action … waivers are not, in the abstract, exculpatory clauses."); *see also, e.g.*, *Walnut Producers*, 187 Cal. App. 4th at 649-50. The district court's conclusion that all class waivers are substantively unconscionable regardless of damages or a deliberate scheme to take users' money fundamentally misreads *Discover Bank* and *Szetela*.

## II. THE CLASS WAIVER IS NOT UNCONSCIONABLE UNDER ANY STANDARD.

Even if the district court's decision to abandon *Discover Bank* were proper—and it is not—its finding of unconscionability would still be manifest error. The court simply cherry picked factors it believed made the contract unconscionable. But unconscionability is not a Rorschach test in which a court may see whatever it wishes; both procedural and substantive unconscionability have well-defined standards. Under those standards, the class waiver here is enforceable. Tellingly, in the court's

view *all* consumer class waivers would be unconscionable—a result contrary to decades of California law.

### A. The district court misapplied procedural unconscionability.

Procedural unconscionability "focuses on oppression or surprise." *Bielski*, 87 F.4th at 1013. The court below found oppression because "the waiver is in a contract of adhesion which was offered to users on a 'take it or leave it' basis" and surprise because it is "presented under the heading 'Miscellaneous' as a single sentence at the end of the terms of use" and was not "visually highlighted." Order at 17-18. Both findings are clearly erroneous.

Even contracts of adhesion are not procedurally unconscionable where consumers have meaningful alternatives. *E.g.*, *Darnaa, LLC v. Google LLC*, 756 F. App'x 674, 676 (9th Cir. 2018); *Wayne v. Staples, Inc.*, 135 Cal. App. 4th 466, 482 (2006). Users have ample choice of alternative fertility apps, including Clue, Glow, Stardust, Fertility Friend FF, Ovia, and Natural Cycles, to name just a few.

Moreover, even assuming, *arguendo*, that the TOS "contain[s] some degree of procedural unconscionability" as a contract of adhesion, *Bielski*, 87 F.4th at 1014, "***the adhesive nature of a contract, without more, would***

***give rise to a low degree of procedural unconscionability at most.***" *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261-62 (9th Cir. 2017). The district court's conclusion that the TOS had high procedural unconscionability was manifest error because the terms are neither oppressive nor surprising.

California courts have articulated five factors a court should consider to evaluate if a contract is oppressive:

> (1) the amount of time the party is given to consider the proposed contract; (2) the amount and type of pressure exerted on the party to sign the proposed contract; (3) the length of the proposed contract and the length and complexity of the challenged provision; (4) the education and experience of the party; and (5) whether the party's review of the proposed contract was aided by an attorney.

*Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1348 (2015); *accord OTO, L.L.C. v. Kho*, 447 P.3d 680, 690 (Cal. 2019).

Surprisingly, despite citing *OTO*, the court did not evaluate <u>any</u> of these factors. If it had, it would have concluded that not one of them is present. (1) Users had unlimited time to review the TOS. (2) They were under no economic or psychological pressure to use Flo. (3) The TOS "is written in plain language and in a legible-sized font." *Bielski*, 87 F.4th at

1014. The entire TOS is only 4 pages, and the class waiver is a two-line, standalone paragraph. (4) Plaintiffs are native speakers of English, and most are college graduates. ECF 536-13 at 35:3-36:7, 536-16 at 42:9-23, 536-18 at 305:17-306:7, 536-19 at 151:13-25, 536-20 at 49:2-15. ***Plaintiff Wellman is a lawyer*** who has personally written privacy policies, and Plaintiff Chen is a legal assistant married to a lawyer. ECF 536-19 at 61:5-12, 62:12-15, 153:21-22; ECF 536-12 at 43:24-44:4, 66:3-9, 80:6-12, 91:7-12. Lead Plaintiff Erica Frasco maintains an app as part of her job. ECF 536-13 at 46:12-47:24. And (5) nothing prevented Plaintiffs from consulting an attorney. *West v. Henderson*, 227 Cal. App. 3d 1578, 1587 (1991) (refusing to find unconscionability where unsophisticated tenant "signed [a] lease without consulting an attorney").

Nor does the waiver carry "surprise." Surprise occurs where the "provision is hidden within a prolix printed form." *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1317 (2005). For example, in *OTO*, the agreement consisted of a "single dense paragraph covering … 51 lines" of "visually impenetrable" text "filled with statutory references and legal jargon." 447 P.3d at 690-91. By contrast, surprise is lacking

where, as here, the relevant provision "is written in plain language and in a legible-sized font." *Bielski*, 87 F.4th at 1014.

While it is true the waiver appears under the heading "Miscellaneous," Order at 17, it was not "buried." *Id.* at 18. Context makes clear that section, which is partly in all caps, is about dispute resolution. The first paragraph discusses choice of law and jurisdiction; subsequent paragraphs concern the statute of limitations, enforceability and severability, and other liability provisions. Ex. B at 4-5. Moreover, terms do not need to be highlighted to be enforceable. The question is whether "[t]he provision was plainly disclosed" such that users would have understood it if they read the contract. *Dean Witter Reynolds, Inc. v. Superior Ct.*, 211 Cal. App. 3d 758, 771-72 (1989). For example, *Charter Adjustments Corp. v. Tung*, 2015 WL 3796439 (Cal. Ct. App. 2015), upheld a provision "**without a topic-specific heading to draw the reader's attention to it**" because it was "just one sentence" "stated in clear and unambiguous language." *Id.* at *6. The same is true here. Plaintiffs have never claimed they would not have understood the waiver if they read it.

### B. The class waiver is not substantively unconscionable.

The district court's analysis of substantive unconscionability is even less defensible. Substantive unconscionability requires more than "a simple old-fashioned bad bargain"; Plaintiffs must prove the class waiver is "overly harsh, unduly oppressive, or unfairly one-sided." *Bielski*, 87 F.4th at 1013-14. This inquiry is "rigorous and demanding." *Sanchez*, 353 P.3d at 749. Here, citing stale, pre-*Discover Bank* precedent, the court below considered the class waiver "manifestly and shockingly one-sided," because "app developers typically do not sue their customers in class action lawsuits." Order at 18. This analysis is fundamentally flawed for three reasons.

***First***, under the district court's reasoning, <u>all</u> class waivers would be substantively unconscionable, and the second and third elements of the *Discover Bank* test would be superfluous. This obviously is not the law. As shown above, California courts consistently enforce class waivers where, as here, the potential damages are large and/or plaintiffs fail to prove a scheme to cheat customers out of money.

***Second***, the class waiver is mutual. It applies to "***[a]ll claims between the parties***" and states that "***the parties*** will not consolidate or

seek class treatment for any claim." Ex. B at 5. Importantly, this bilateral provision precludes both class actions *and consolidation*. While the odds of Flo bringing a class action against users might be small, the prospect that Flo might seek to consolidate multiple individual lawsuits against it is hardly remote. Thus, the provision is mutual *both* facially and in effect. Because the agreement contains "the necessary modicum of bilaterality," it is not unconscionable. *Avelar v. Seven Fifty-Four, Inc.*, 2015 WL 326719, at *7-8 (Cal. Ct. App. 2015); *see also, e.g.*, *Rodriguez v. Sim*, 2009 WL 975457, at *4 (N.D. Cal. 2009) ("As a matter of law, there cannot be substantive unconscionability unless there is an absence of mutuality….")

The district court relied on two pre-*Discover Bank* cases (*Szetela* and *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1176 (9th Cir. 2003)) to claim a mutual provision is unconscionable if it *functionally* benefits one side disproportionately. Order at 18. That part of *Ingle*, however, was dicta, because, unlike here, "the arbitration agreement in *Ingle* was *expressly* one-sided." *Avelar*, 2015 WL 326719, at *7-8 (distinguishing *Ingle*). The district court's approach has been repeatedly rejected post-*Discover Bank*, including by the Ninth Circuit and the California

Supreme Court. Indeed, in *Walnut Producers*, the Court of Appeal rejected this *exact* argument that a facially mutual class waiver "is one-sided in how it operates." 187 Cal. App. 4th at 648; *see also Baltazar*, 367 P.3d at 13 (rejecting argument agreement was nonmutual "as a practical matter"); *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1030-31 (9th Cir. 2016) (similar); *Sanchez*, 353 P.3d at 745, 753 (similar).

***Third***, "the California Supreme Court has confirmed that a one-sided contract is not necessarily unconscionable." *Tompkins*, 840 F.3d at 1030-31. Rather, "[a] contract can provide … the party with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable." *Id.* Thus, *Sanchez* upheld an arbitration agreement that gave the defendant an asymmetric right to seek judicial review of injunctive relief given "the broad impact that injunctive relief may have on [its] business." 353 P.3d at 753. The same is true here. Flo is a small startup that provides a *free* app. Like the defendant in *Sanchez*, Flo correctly perceived that a class action by a small number of plaintiffs on behalf of millions of absent, satisfied users could pose an existential threat to its business. This "legitimate commercial need" more than justifies the class waiver.

Indeed, class waivers are common in the app industry for precisely this reason.[9]

## III. THE DISTRICT COURT MANIFESTLY ERRED BY ADVANCING A THEORY OF UNCONSCIONABILITY PLAINTIFFS FORFEITED AND TO WHICH FLO HAD NO OPPORTUNITY TO RESPOND.

"In our adversarial system of adjudication, we follow the principle of party presentation." *Sineneng-Smith*, 590 U.S. at 375-76. "[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id.* (cleaned up). Thus, parties are required to "state with particularity the grounds for seeking the order" when submitting a motion. Rule 7(b)(1)(B). This requirement "afford[s] notice of the grounds and prayer of the motion to both the court and to the opposing party" and "a meaningful opportunity to respond." *Registration Control Sys. v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990). "[O]rders must be reversed" where, as here, in "violation of Rule 7(b)" there was no notice or "an opportunity to be heard" on a

---

9 *See, e.g.*, https://www.whatsapp.com/legal/terms-of-service; https://www.myfitnesspal.com/terms-of-service; https://openai.com/policies/row-terms-of-use/; https://www.oviahealth.com/terms-of-use/; https://www.naturalcycles.com/other/legal/tou-samsung.

"particularly important" issue. *In re Long Island Props.*, 125 F.2d 206, 207 (2d Cir. 1942).

Here, the court based its ruling on arguments Plaintiffs forfeited not once but in ***four separate rounds of briefing.*** *See supra* at 8-9. Plaintiffs have *never* argued that the class waiver could be unconscionable if they failed to satisfy *Discover Bank*. Nor did Plaintiffs cite as part of their latest opening class certification motion the cases the district court relied on for that proposition, such as *Cohen*, *Ingle*, or *Mailbox Center Owners*, or the relevant dicta from *Shroyer*. This kind of black-robe advocacy is manifest error under any circumstances, *e.g.*, *Todd R. v. Premera Blue Cross*, 825 F. App'x 440, 441 (9th Cir. 2020), but especially where, as here, the court afforded Flo no opportunity to respond to these unmade arguments. Indeed, the court did not even hold oral argument on Plaintiffs' Motion. Notice and hearing are "the root requirement" of due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985); *see also McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021) (holding that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity

to present their positions," and "the denial of the right to be heard is a violation of due process which is never harmless error").

## IV. THE RULING BELOW TAKES A NOVEL APPROACH TO A FUNDAMENTAL ISSUE OF CLASS ACTION LAW LIKELY TO EVADE END-OF-CASE REVIEW.

### A. The ruling creates a split of authority on an important unsettled question.

Interlocutory review is also appropriate because the ruling turns on an important question left open by *Shroyer*. There, this Court found a class waiver unconscionable because all three *Discover Bank* elements were present. However, it noted in passing that "there are … circumstances in which a class action waiver is unconscionable under California law despite the fact that all three parts of the *Discover Bank* test are not satisfied." 498 F.3d at 983. Since *Shroyer*, no court has identified any such circumstances. Rather, in practice, courts have treated *Discover Bank* as dispositive. *See, e.g.*, *Jeong*, 2023 WL 2717255, at *4; *Provencher*, 409 F. Supp. 2d at 1202.

By seizing on those dicta to reach a different result, the court below created an in-Circuit split on this fundamental question of class action law. This has implications for countless cases. As this Court is well aware, class waivers are ubiquitous in consumer contracts.

### B. Failure to grant this Petition would likely be the "death-knell" of the litigation.

Finally, interlocutory review is necessary because "the damages claimed" may well force Flo to "settle without relation to the merits of the class's claims." *Chamberlan*, 402 F.3d at 960. Rule 23(f) was adopted in part to prevent parties from being pressured to settle potentially meritless or improperly certified claims lest they face jaw-dropping damages exposure. *See* Fed. R. Civ. P. 23(f), 1998 adv. note.

If ever there was a case warranting immediate review, it is this one. Plaintiffs seek to certify a class over *twenty-five times* the size of the one in *Wal-Mart Stores, Inc. v. Dukes*, which the Supreme Court called "one of the most expansive class actions ever." 564 U.S. 338, 342 (2011) (1.5 million plaintiffs). Plaintiffs have also claimed astronomical damages. *See supra* at 7-8. While such a judgment would be devastating to any defendant, it would be positively fatal to a small startup like Flo, which has fewer than 500 employees and is yet to turn a profit. Cases of this magnitude almost never proceed to trial. The district court's deeply flawed application of California law to the recurring and important question of class waiver enforceability should not be the final word in a case of this magnitude.

## CONCLUSION

The Court should grant the Petition.

Dated: June 2, 2025

Respectfully submitted,

*/s/ Allison K. Ozurovich*

Allison K. Ozurovich
Benjamin M. Sadun (Admission Forthcoming)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
Telephone: (213) 808-5700
Facsimile: (213) 808-5760
benjamin.sadun@dechert.com
allie.ozurovich@dechert.com

Brenda R. Sharton (Admission Forthcoming)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
Telephone: (617) 728-7100
Facsimile: (617) 275-8374
brenda.sharton@dechert.com

Theodore E. Yale (Admission Forthcoming)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendant-Petitioner Flo Health, Inc.*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Circuit Rules 5-2(b) and 32-3 because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,594 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.

Dated: June 2, 2025

*/s/ Allison K. Ozurovich*
Allison K. Ozurovich

*Attorney for Defendant-Petitioner Flo Health, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk's Office of the United States Court of Appeals for the Ninth Circuit, using the ACMS system. In addition, I certify that a copy of the foregoing was served upon the following counsel of record via first-class U.S. Mail and electronic mail:

Christian Levis (pro hac vice)
Amanda Fiorilla (pro hac vice)
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Interim Co-Lead Counsel for Plaintiffs and the Class*

Diana J. Zinser (pro hac vice)
Jeffrey L. Kodroff (pro hac vice)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
dzinser@srkattorneys.com
jkodroff@srkattorneys.com

*Interim Co-Lead Counsel for Plaintiffs and the Class*

Carol C. Villegas (pro hac vice)
Michael P. Canty (pro hac vice)
Danielle Izzo (pro hac vice)
LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
dizzo@labaton.com

*Interim Co-Lead Counsel for Plaintiffs and the Class*

James M. Wagstaffe (SBN 95535)
ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP
P.O. Box 3835
San Luis Obispo, CA 93403-3835
Tel: (805) 543-0990
Fax: (805) 543-0980
wagstaffe@wvbrlaw.com

*Counsel for Plaintiffs Erica Frasco and Sarah Wellman*

Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs Jennifer Chen and Tesha Gamin*

Kent Morgan Williams (pro hac vice)
WILLIAMS LAW FIRM
1632 Homestead Trail
Long Lake, MN 55356
Tel: (612) 940-4452
williamslawmn@gmail.com

William Darryl Harris, II (pro hac vice)
HARRIS LEGAL ADVISORS LLC
3136 Kingsdale Center, Suite 246
Columbus, Ohio 43221
Tel: (614) 504-3350
Fax: (614) 340-1940
will@harrislegaladvisors.com

*Counsel for Plaintiffs Leah Ridgway and Autumn Meigs*

Benedict Y. Hur (SBN 224018)
Simona Agnolucci (SBN 246943)
Eduardo E. Santacana (SBN 281668)
Tiffany Lin (SBN 321472)
WILLKIE FARR & GALLAGHER
333 Bush Street
San Francisco, CA 94104
Telephone: 415.858.7400
Facsimile: 415.858.7599
BHur@willkie.com
SAgnolucci@wilkie.com
ESantacana@wilkie.com
TLin@wilkie.com

*Counsel for Defendant Google LLC*

Andrew B. Clubok (pro hac vice)
LATHAM & WATKINS LLP
andrew.clubok@lw.com
555 Eleventh Street, NW, Suite 1000

Washington, D.C. 20004
Telephone: +1.202.637.2200

Michele D. Johnson (SBN 198298)
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: 714.540.1235
Facsimile: 714.755.8290
michele.johnson@lw.com

Elizabeth K. McCloskey (SBN 268184)
Abigail A. Barrera (SBN 301746)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306
EMcCloskey@gibsondunn.com
ABarrera@gibsondunn.com

Christopher Chorba (SBN 216692)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7503
Facsimile: 213.229.6503
CChorba@gibsondunn.com

*Counsel for Defendant Meta Platforms, Inc.*
*(formerly known as Defendant Facebook, Inc.)*

Melanie M. Blunschi (SBN 234264)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: 415.395.5942
Facsimile: 415.395.8095

melanie.blunschi@lw.com

*Counsel for Defendant AppsFlyer, Inc. and Defendant Meta Platforms, Inc. (formerly known as Defendant Facebook, Inc.)*

Ann Marie Mortimer
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
(213) 532-2103
Email: amortimer@HuntonAK.com

*Counsel for Defendant Flurry, Inc.*

*/s/ Allison K. Ozurovich*
Allison K. Ozurovich

# ADDENDUM

Pursuant to Federal Rule of Appellate Procedure 5(b)(1)(E), this addendum includes the District Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification. For this Court's convenience, this addendum also includes four additional pertinent exhibits from the District Court's docket.

| | |
|---|---|
| Order re Class Certification, ECF 605 | Exhibit A |
| Flo's Terms of Service, ECF 536-33 | Exhibit B |
| Flo's Motion for Summary Judgment (Filed Under Seal) | Exhibit C |
| Plaintiffs' Opposition to Flo's Motion for Summary Judgment (Filed Under Seal) | Exhibit D |
| Flo's Reply in Support of Motion for Summary Judgment (Filed Under Seal) | Exhibit E |